

# Fourth Court of Appeals
## San Antonio, Texas

August 26, 2019

No. 04-19-00409-CV

Frederick O. **SILVER**,
Appellant

v.

**TOYOTA MOTOR MANUFACTURING TEXAS, INC., ET AL.**,
Appellee

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2019-CI-05365
Honorable Rosie Alvarado, Judge Presiding

# O R D E R

By order dated August 6, 2019, the trial court clerk was ordered to file a clerk's record "containing only those documents necessary to review the trial court's order on ability to afford costs which should include the appellant's affidavits of indigence, any contests or responses, and the trial court's order." Appellant has filed a motion asserting it is "impossible for [him] to file an accurate brief" because the clerk's record filed pursuant to this court's order does not contain; (1) his "second/new Statement of inability to afford Court cost . . . as directed by the order signed on 04/05/2019 by Judge;" and (2) "Written Contested affidavit filed by defendant or clerk."

Although we presume the trial court clerk included all documents filed in the trial court that were responsive to our prior order, the reporter's record reflects appellant filed a second statement of inability on April 11, 2019, which is not contained in the clerk's record. It is therefore ORDERED that appellant's motion is GRANTED IN PART. The trial court clerk is ORDERED to file no later than ten days from the date of this order: (1) a supplemental clerk's record containing the statement of inability filed on April 11, 2019; and (2) a written notification certifying no contests or responses were filed in the trial court. The clerk of this court is ORDERED to provide appellant with copies of the supplemental clerk's record and written notification immediately upon receipt of the filings.

By order dated August 21, 2019, this court struck appellant's first brief noting several deficiencies. On August 22, 2019, appellant filed an amended brief which does not correct the deficiencies noted in the prior order other than to delete any reference to Rule 18a of the Texas

Rules of Civil Procedure. Notwithstanding these deficiencies, we will not strike appellant's amended brief and will not order appellant to file a second amended brief. However, appellant is advised that we may ultimately conclude that appellant has waived his appellate complaints due to inadequate briefing. *See Lott v. First Bank*, No. 04-13-00311-CV, 2014 WL 4922896, at *4 (Tex. App.—San Antonio Oct. 14, 2014, no pet.) (holding the appellant waived any appellate complaint by failing to comply with the briefing rules set out in Rule 38.1 of the Texas Rules of Appellate Procedure).

Because appellant's motion states it was "impossible for [him] to file an accurate brief" because the statement of inability he filed in the trial court on April 11, 2019 was missing from the clerk's record, appellant is ORDERED to file a written advisory in this court no later than ten days from the date the supplemental clerk's record is filed stating whether he intends to file a second amended brief.

_____
Beth Watkins, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 26th day of August, 2019.

_____
Keith E. Hottle,
Clerk of Court